BARRY E. HINKLE, Bar No. 071223
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone (510) 337-1001
Facsimile (510) 337-1023

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>KEN DOUGLAS SCHULDT, Individually; KEN DOUGLAS SCHULDT, Individually and doing business as ALL ACCESS BOBCAT; ALL ACCESS BOBCAT,<br><br>Defendants. | No. 07 6403 CRB<br><br>COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY (ERISA 29 U.S.C. §1001, et seq., 29 U.S.C. §185) |

Plaintiffs complain of Defendants, and for cause of action allege:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor

Management Relations Act (LMRA) (29 U.S.C. § 185). Venue properly lies in this district court since contributions are due and payable in the County of San Francisco. Therefore, intradistrict venue is proper.

## PARTIES

II.

At all times material herein, Plaintiffs The Board Of Trustees were Trustees of the Laborers Health and Welfare Trust Fund for Northern California; Laborers Vacation-Holiday Trust Fund for Northern California; Laborers Pension Trust Fund for Northern California; and Laborers Training And Retraining Trust Fund For Northern California. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the Labor Management Relations Act (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements. All of the above named Trust Funds and their respective Board of Trustees shall hereinafter be designated collectively as "Plaintiffs".

III.

At all times material herein, Ken Douglas Schuldt, individually; Ken Douglas Schuldt, individually and doing business as All Access Bobcat; and All Access Bobcat (hereinafter referred to as "Defendans"), have been employers within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and employers in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

IV.

At all relevant times, Defendant was signatory and bound to a written collective bargaining agreement with the Northern California District Council of Laborers (hereinafter "Union"), a labor organization within the meaning of section 301 of the Labor Management Relations Act (29 U.S.C. § 185). Defendant became subject to all the terms and conditions of the Laborers Master

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 2 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY

Agreement (hereinafter "Master Agreement" or "Agreement") by virtue of signing a Memorandum of Agreement (hereinafter "Memorandum Agreement") with the Union, which incorporated by reference the Master Agreement. A true and correct copy of said Master Agreements for the relevant time periods are attached hereto as Exhibit "A1" and "A2", and a true and correct copy of the Memorandum Agreement is attached hereto as Exhibit "B", both of which are incorporated by reference herein. The Master Agreement by its terms incorporates the various Trust Agreements establishing each of the Trust Funds. By said Master Agreement, Defendant promised that it would contribute and pay to Plaintiffs the hourly amounts required by said Agreements for each hour paid for or worked by any of its employees who performed any work covered by said Agreements, and that it would be subject to and bound by all of the terms, provisions, and conditions of the Trust Agreements as incorporated by the terms of the Master Agreement.

V.

The above-mentioned Agreements provide for prompt payment of all employer contributions to the various Trust Funds and provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the applicable labor agreements and law.

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

VI.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

VII.

Pursuant to the Master Agreement and the Trust Agreements, an audit of the books and records of Defendant for the period of April 2000 to March 2006 was conducted, which revealed that fringe benefit contributions to the Trust Funds have not been submitted as required by said agreements.

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 3 -

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY

VIII.

Demand has been made of Defendant for payment of the amounts determined to be due and owing pursuant to the audit, and Defendant has refused to pay such amounts and there is now due, owing and unpaid to Plaintiff Trust Funds from Defendant, fringe benefits contributions in the amount of $75,874.15.

IX.

Plaintiffs are the intended third-party beneficiaries of the Agreement, but Trust Fund contribution delinquencies are excluded from the arbitration provisions of the Agreement.

X.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

XI.

Plaintiffs are entitled to reasonable attorneys' fees, interest, and other reasonable expenses incurred in connection with this matter due to Defendant's failure and refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Labor Agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

**SECOND CLAIM FOR RELIEF**
**(ACTUAL DAMAGES FOR BREACH OF CONTRACT)**

XII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XIII.

Plaintiffs have conducted a study to ascertain the costs of collections for delinquent contributions and have found it to be approximately twelve percent (12%) of the contributions collected by the Trust Funds.

XIV.

Defendant has failed, neglected and refused to make timely fringe benefit contributions as required by the applicable Master Agreement and Trust Agreements, and has caused Plaintiffs actual damages to be proven at the time of trial.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

- 4 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND BREACH OF FIDUCIARY DUTY

## THIRD CLAIM FOR RELIEF
## (DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)

XV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XVI.

Defendant has failed, neglected or refused to make timely fringe benefit contributions to the Trust Funds as required by the applicable collective bargaining agreements and Trust Agreements.

XVII.

Defendant's neglect or refusal to make timely fringe benefit contributions and reports pursuant to the terms of the above-mentioned Agreements constitutes a violation of ERISA section 515 (29 U.S.C. § 1145).

XVIII.

Defendant, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendant to submit timely and accurate reports of hours worked or amounts due, together with payments to Trust Funds. Defendant exercised control over any contributions due, which are assets of Trust Funds, and Defendant was a fiduciary as defined by ERISA section 3(21) (29 U.S.C. § 1002(21).

XIX.

The actions of Defendant complained of herein constitute a violation of fiduciary duties as defined by ERISA, 29 U.S.C. §§ 1001, et seq.

XX.

Unless enjoined by this Court, Defendant will continue to fail, neglect, or refuse to remit appropriate fringe benefit contributions to the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray judgment against Defendant, Ken Douglas Schuldt, individually; Ken Douglas Schuldt, individually and doing business as All Access Bobcat; All

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

Access Bobcat, as follows:

1. That Defendants be ordered to pay contributions in the amount of $75,874.15, plus interest thereon;

2. That Defendants be ordered to pay actual damages in an amount to be determined at trial;

3. For an Order directing and permanently enjoining Defendant to submit to the Trust Funds, all reports and contributions due and owing by Defendant, plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

4. That this Court issue an Order permanently enjoining Defendant for so long as it remains obligated to contribute to the Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2));

5. That Defendants be ordered to pay attorney's fees;

6. That Defendants be ordered to pay costs of suit herein;

7. That this Court grant such further relief as this Court deems just and proper; and

8. That this Court retain jurisdiction of this matter to enforce the Order compelling an Audit and payment of all amount found due and owing.

Dated: December 17, 2007

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
CONCEPCION E. LOZANO-BATISTA
Attorneys for Plaintiffs

116577/478222