LAW OFFICES OF RICHARD SAX
Richard Sax  SBN 80632
448 Sebastopol Avenue
Santa Rosa, CA  95401
Telephone: (707) 525-1824
Facsimile: (707) 525-8119
e-mail: rsax1@pacbell.net
Attorney for Defendant,
Ken Douglas Schuldt,
Individually and dba All Access Bobcat

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br>v.<br><br>KEN DOUGLAS SCHULDT, Individually; KEN DOUGLAS SCHULDT, Individually and doing business as ALL ACCESS BOBCAT; ALL ACCESS BOBCAT,<br><br>Defendants. | Case No. CV 07 6403 CRB<br><br><br><br>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT KEN DOUGLAS SCHULDT, individually; KEN DOUGLAS SCHULDT, Individually and doing business as ALL ACCESS BOBCAT; ALL ACCESS BOBCAT |

1

Come now the defendants in the above entitled action, Ken Douglas Schuldt, Individually; Ken Douglas Schuldt, Individually and doing business as All Access Bobcat; and All Access Bobcat; and, by counsel, answering the Complaint on file thereon, jointly and severally admit, deny, and allege as follows:

## AS TO JURISDICTION AND INTRADISTRICT ASSIGNMENT

I.

Defendants, Ken Douglas Schuldt, Individually; Ken Douglas Schuldt, Individually and doing business as All Access Bobcat; and All Access Bobcat (herein collectively designated as "defendants"), state that paragraph I of the Complaint contains plaintiffs' characterization of their claims and legal conclusions, to which no answer is required. To the extent an answer is required, defendants deny the allegations contained in Paragraph I of the Complaint.

## AS TO PARTIES

II.

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations Paragraph II of the Complaint.

III.

Defendants state that the allegation contained in Paragraph III of the Complaint regarding defendants being an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185), asserts a legal conclusion to which no answer is required. To the extent an answer is required, defendants deny each and every allegation contained in Paragraph III of the Complaint.

////

## AS TO ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

IV.

Defendants state that paragraph IV of the Complaint contains plaintiffs' characterization of their claims and asserts legal conclusions, to which no answer is required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph IV of the Complaint.

V.

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations Paragraph V of the Complaint. Defendants state that paragraph V of the Complaint contains plaintiffs' characterization of their claims and asserts legal conclusions, to which no answer is required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph V of the Complaint.

## AS TO FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

VI.

Defendants repeat and reallege their responses to the allegations stated in Paragraphs I through V of plaintiffs' Complaint, as if fully and expressly set forth herein.

VII.

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that an audit of the books and records of defendants was conducted. Defendants state that paragraph VII of the Complaint contains plaintiffs' characterization of their claims and asserts legal conclusions as to what the alleged audit revealed, to which no answer is required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph VII of the Complaint.

VIII.

Defendants state that paragraph VIII of the Complaint contains plaintiffs' characterization of their claims and asserts legal conclusions as to whether alleged amounts are due to plaintiffs, whether defendants refuse to pay, and what the alleged amounts may be, to which no answer is required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph VIII of the Complaint.

IX.

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations Paragraph IX of the Complaint.

X.

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations Paragraph X of the Complaint. Defendants state that paragraph X of the Complaint asserts legal conclusions as to whether plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements, to which no answer is required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph X of the Complaint.

XI.

Defendants state that paragraph XI of the Complaint asserts legal conclusions as to whether plaintiffs are entitled to attorneys' fees, interest, and expenses incurred in this matter, and as to whether defendant failed and refused to pay fringe benefit contributions due and owing pursuant to the terms of the Labor Agreements, Trust Atgreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2), to which no answer is required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph XI of the Complaint.

////

## AS TO SECOND CLAIM FOR RELIEF
### (ACTUAL DAMAGES FOR BREACH OF CONTRACT)

XII.

Defendants repeat and reallege their responses to the allegations stated in Paragraphs I through XII of Plaintiffs' Complaint, as if fully and expressly set forth herein.

XIII.

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations Paragraph XIII of the Complaint. Defendants state that paragraph XIII of the Complaint asserts legal conclusions as to the costs of collections, to which no answer is required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph XIII of the Complaint.

XIV.

Defendants state that paragraph XIV of the Complaint asserts legal conclusions as to whether defendants have failed, neglected and refused to make timely fringe benefit contributions, and whether such contributions are required by Master Agreement and Trust Agreements, to which no answers are required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph XIV of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that defendants have caused plaintiffs' actual damages to be proven at the time of trial, but, to the extent answers are required, defendants deny each and every allegation in Paragraph XIV of the Complaint.

////
////
////
////

## AS TO THIRD CLAIM FOR RELIEF
### (DAMAGES AND EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY)

XV.

Defendants repeat and reallege their responses to the allegations stated in Paragraphs I through XIV of Plaintiffs' Complaint, as if fully and expressly set forth herein.

XVI.

Defendants state that paragraph XVI of the Complaint asserts legal conclusions as to whether defendants have failed, neglected and refused to make timely fringe benefit contributions, and whether such contributions are required by Master Agreement and Trust Agreements, to which no answers are required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph XVI of the Complaint.

XVII.

Defendants state that paragraph XVII of the Complaint asserts legal conclusions as to whether defendants have failed, neglected and refused to make timely fringe benefit contributions and reports, and whether such contributions are required by Master Agreement and Trust Agreements, and whether defendants have violated ERISA section 515 (29 U.S.C. § 1145), to which no answers are required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph XVII of the Complaint.

XVIII.

Defendants state that paragraph XVIII of the Complaint asserts legal conclusions as to whether defendants agreed to the terms and conditions of the Trust Agreements, whether they assumed a fiduciary duty to plaintiffs, whether they were required to submit reports of hours worked or amounts due together with payments to Trust Funds, whether they exercised control over contributions due, whether such contributions are assets of Trust Funds, whether they failed, neglected and refused to

ANSWER AND AFFIRMATIVE DEFENSES
*Board of Trustees, et al. v. Ken Douglas Schuldt, et al.*
Case No. CV 07 6403 CRB

make timely fringe benefit contributions and reports, whether such contributions are required by Master Agreement and Trust Agreements, and whether they were fiduciaries as defined by ERISA section 3(21) (29 U.S.C. § 1002(21), to which no answers are required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph XVIII of the Complaint.

XIX.

Defendants state that paragraph XIX of the Complaint asserts legal conclusions as to whether defendants assumed a fiduciary duty to Plaintiffs, and whether they were fiduciaries as defined by ERISA section 3(21) (29 U.S.C. § 1001, et seq., to which no answers are required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph XIX of the Complaint.

XX.

Defendants state that paragraph XX of the Complaint asserts legal conclusions, to which no answers are required. To the extent answers are required, defendants deny each and every allegation contained in Paragraph XX of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Defendants are informed and believe and thereupon allege that the Complaint, and each and every alleged cause of action contained therein, fails to state a claim against defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Preemption)**

Federal law and regulations preempt the claims of plaintiffs.

////

### THIRD AFFIRMATIVE DEFENSE

(Lack of Jurisdiction)

The Court lacks personal jurisdiction over defendants.

### FOURTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiffs lack standing to assert claims against defendants.

### SIXTH AFFIRMATIVE DEFENSE

(Parol Evidence Rule)

Defendants are informed and believe and thereupon allege that the Complaint, and each and every alleged cause of action contained therein, is barred by the parol evidence rule.

### SEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

Defendants are informed and believe and thereon allege that plaintiffs are estopped from asserting the allegations contained in the Complaint and in each and every alleged cause of action contained therein by reasons of their acts, omissions, representations, and courses of conduct.

### EIGHTH AFFIRMATIVE DEFENSE

(Consent)

Defendants are informed and believe and thereon allege that plaintiffs and plaintiffs' agents at all times gave their consent, express or implied, to the acts,

omissions and conduct of defendants alleged in the Complaint and in each and every alleged cause of action contained therein.

### NINTH AFFIRMATIVE DEFENSE
#### (Ratification)

Defendants are informed and believe and thereon allege that plaintiffs and plaintiffs' agents at all times ratified the acts, omissions and conduct of defendants alleged in the Complaint and in each and every alleged cause of action contained therein.

### TENTH AFFIRMATIVE DEFENSE
#### (Waiver)

Defendants are informed and believe and thereon allege that plaintiffs and plaintiffs' agents have expressly and implicitly waived all claims arising from the allegations of the Complaint and from each and every alleged cause of action contained therein.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Laches)

Plaintiffs waited an unreasonable period of time in asserting the claims set forth in their alleged causes of action and therefore are barred from seeking relief by the doctrine of laches.

### TWELVTH AFFIRMATIVE DEFENSE
#### (Statute of Frauds)

Plaintiffs' alleged causes of action are barred by the provisions of California Statute of Frauds, Civil Code § 1624.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Add Defenses)

Defendants allege that plaintiffs have stated the allegations and causes of action set forth in their Complaint in conclusive terms, therefore defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Additionally, certain other actions have been taken by the plaintiffs, subsequent to their commencement of this proceeding, all of which affect the claims, right, duties and obligations of the defendants. Accordingly, defendants hereby reserve their right to add additional defenses, if and to the extent such affirmative defenses are applicable to this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Insufficient Knowledge or Information)

Defendants allege defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event discovery indicates that they would be appropriate.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Offset)

Defendants allege that they have suffered damages by reason of plaintiffs' conduct, and by virtue of said conduct these defendants have the right to offset if any amount of money is owed to plaintiffs or is due to plaintiffs by way of damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Discharge)

Defendants allege on information and belief that prior to commencement of this action, these answering defendants have duly paid, satisfied or discharged the alleged claims of plaintiffs as set forth in the Complaint herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Just Cause)

Defendants allege that as and for a separate and affirmative defense, these answering defendants are informed and believe and thereon allege that there was just and reasonable cause to perform the acts alleged in plaintiffs' Complaint, thereby barring recovery herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Condition Subsequent)

Defendants allege that any and all performance alleged due or any agreements alleged herein were discharged for occurrence of condition subsequent.

## NINETEENTH AFFIRMATIVE DEFENSE

(Substantial Performance)

Defendants allege that defendants are excused from any lack of performance under any agreement alleged herein, for defendants substantially performed all terms and conditions required of them.

## TWENTIETH AFFIRMATIVE DEFENSE

(Modification)

Defendants allege that any and all performance alleged due or any agreements alleged herein were discharged by a modification.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Rescission)

Defendants allege that any and all performance alleged due or any agreements alleged herein were discharged for rescission.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Breach of Covenant of Good Faith and Fair Dealing)

Defendant is informed and believes and thereon alleges that Complainant and Defendant were parties to an agreement which expressly and by operation of law implicitly imposed a duty of good faith and fair dealing upon both parties. Complainant and their agents have engaged in acts and conduct which constitute breach of this duty and which were calculated to prevent Defendant from realizing his profits in the underlying transaction.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Speculative Claims)

Complainant is not entitled to declaratory and any other relief for any alleged claims that have not yet arisen or any other speculative claims of any nature.

## TWENTY-FOURTH AFFIRATIVE DEFENSE

(No Justifiable Controversy)

Complainant has failed to present facts showing the existence of any justifiable case or controversy between them and Defendant, and Complainant's claim should be denied because it is not ripe for adjudication and seeks and advisory opinion.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Complainant's Fraud)

Defendant alleges that Complainant is barred from any recovery herein because of their own fraudulent conduct in dealing with this answering Defendant.

////

////

////

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Frustration of Purpose)

Defendant alleges that any and all performance alleged due or any agreements alleged herein were discharged by frustration of purpose.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

Defendant alleges that any and all performance alleged due or any agreements alleged herein were discharged for accord and satisfaction.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Complainant is barred from obtaining the relief sought in their alleged causes of action by the doctrine of unclean hands.

DATED: This 24TH day of January, 2008.

_____
Richard Sax,
Attorney for Defendants,
Ken Douglas Schuldt, Individually; Ken Douglas Schuldt, Individually and doing business as All Access Bobcat; and All Access Bobcat